Houston, J.
The plaintiff, George Basbanes, instituted this action against defendant, Dallas W. Haines, III, for malicious prosecution and abuse of process. Defendant now moves to dismiss plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)6, for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant’s motion is denied.
BACKGROUND
The following facts from the complaint are taken as true, for purposes of this motion. Plaintiff, George Basbanes is the attorney for Stanley Voulgarelis, ex-husband of Cheryl Lamar and the father of their two minor children. On October 29, 1989, while on supervised visitation, Mr. Voulgarelis abducted the two children and left the country. On September 29, 1992 the defendant, as the attorney'for Ms. Lamar, initiated a civil suit against the plaintiff for negligent breach of duty to ensure the safety of the two children. The basis for the suit was plaintiffs recommendation of Delia Almedia as the supervisor for the visitation. Summary Judgment was granted in favor of the plaintiff and the judgment was affirmed by the Supreme Judicial Court, on July 12, 1994.
The plaintiff, on December 7, 1994 filed the present action against defendant for malicious prosecution and abuse of process. Defendant asserts the complaint fails to state a claim upon which relief can be granted and argues the civil action on behalf of Ms. Lamar had merit and was made in good faith. In addition, the defendant argues the plaintiffs claim for legal fees incurred from the first suit is precluded from being relitigated in this action.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)6, the court must accept the factual allegations of the complaint as true, as well as any inference which can be drawn therefrom, in plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and the cases cited therein. To assert a proper claim of malicious prosecution, the plaintiff must plead facts that demonstrate that he was damaged because the defendant prosecuted the action with malice, without probable cause, and that the action terminated in his favor. Beecy v. Pucciarelli, 387 Mass. 580, 593 (1982). To assert a claim for abuse of process, it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended. Id. at 595. Both claims share the element of improper motive. In addition, both claims allow the plaintiff to claim damages which are a direct or natural consequence of the defendant’s tortious conduct. Nolan & Sartorio, Tort Law, §81-82 (1989 & 1994 Pocket Part).
In his Complaint, the plaintiff alleges, and the court accepts as true, that there was no legal authority to support the claim that plaintiff owed a duty of care to Ms. Lamar and the children. The plaintiff also alleges the defendant did not have factual proof to support such a claim and, therefore, did not have probable cause to bring the case against him. In some cases, the lack of probable cause may be so obvious, a logical inference is that the prosecution resulted not from error, but from malice. Id. at 594. From the pleadings in the present case, it is reasonable to infer the prosecution of the civil action against the plaintiff was brought with an improper motive.
Although the plaintiff requested, and was denied Costs and Expenses in the prior action, the issue was irrelevant to that proceeding and the plaintiff did not have an opportunity to actually litigate the issue. See, Trustees of the Boston & Maine Corp. v. Massachusetts Bay Transp. Authy., 367 Mass. 57, 64 (1975). Therefore, plaintiffs claim for legal fees incurred from the prior suit is not precluded in this action.
A motion to dismiss should not be granted unless it appears, beyond doubt, that no provable set of facts would entitle the plaintiff to relief. Smith & Zobel, Rules Practice §12.12 (1974 & 1995 Pocket Part); Harvard Law School Coalition for Civil Rights v. President and Fellows of Harvard College, 413 Mass. 66, 68 (1992). The plaintiff has alleged facts which, if proven, would entitle him to relief. Therefore, his Complaint states a claim upon which relief can be granted.
ORDER
For the foregoing reasons, defendant’s motion to dismiss is DENIED.